IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUNFIELD ENTERPRISE CORPORATION,<br>　　　　Plaintiff,<br><br>v.<br><br>SAPPHIRE AUDIO LLC,<br>　　　　Defendant | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-CV-685<br><br><br><br>Demand for Jury Trial |

### SUNFIELD ENTERPRISE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO SAPPHIRE AUDIO LLC'S COUNTERCLAIM

Plaintiff and Defendant-in-Counterclaim Sunfield Enterprise Corporation ("Sunfield"), by and through its undersigned counsel, hereby answers the numbered paragraphs of Defendant and Plaintiff-in-Counterclaim Sapphire Audio LLC's ("Sapphire") Counterclaim as follows:

1.　　Sunfield admits the allegations in paragraph 1.

2.　　Sunfield admits the allegations in paragraph 2.

3.　　Paragraph 3 contains only legal argument as to which no response is required. To the extent a response to paragraph 3 is deemed necessary by the Court, Sunfield states that it does not challenge subject matter jurisdiction.

4.　　Paragraph 4 contains only legal argument as to which no response is required. To the extent a response to paragraph 4 is deemed necessary by the Court, Sunfield states that it does not challenge subject matter jurisdiction.

5.　　On information and belief, Sunfield admits only so much of the allegations in paragraph 5 as allege that Sapphire sells speakers. Sunfield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6. Sunfield admits the allegations in paragraph 6.

7. Sunfield admits the allegations in paragraph 7.

8. Sunfield denies the allegations in paragraph 8.

9. Sunfield admits only so much of the allegations in the first sentence of paragraph 9 as allege that in May 2004 Sapphire asked Sunfield to manufacture a PCB referred to as the MKII upgrade board. Sunfield denies so much of the allegations in the second sentence of paragraph 9 as allege that Sapphire asked Sunfield to manufacture speakers using a single new PCB. Sunfield is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 9.

10. Sunfield admits only so much of the allegations in paragraph 10 as allege that a Sapphire engineer worked with Sunfield, at Sunfield's facility, to build samples of proposed speakers. Sunfield denies all remaining allegations in paragraph 10.

11. Sunfield denies the allegations in the first sentence of paragraph 11. Sunfield admits only so much of the allegations in the second sentence of paragraph 11 as allege that Sapphire's engineer traveled to Sunfield's factory in China, inspected sample speakers, and approved them for manufacture. Sunfield denies all remaining allegations in the second sentence of paragraph 11.

12. Sunfield admits only so much of the allegations in paragraph 12 as allege that, Sapphire placed an initial order with Sunfield for speakers, that Sunfield shipped speakers to Sapphire that conformed with the sample production accepted by Sapphire, that Sapphire accepted the speakers, that Sapphire paid for those speakers, and that Sapphire ordered additional speakers from Sunfield. Sunfield denies all remaining allegations in paragraph 12.

BOS_514191_1/JZANETTI

13. Sunfield admits only so much the allegations in paragraph 13 as allege that in May 2004 Sapphire issued a purchase order for 5,000 MKII upgrade boards, that Sunfield shipped the boards, and that Sapphire paid for the boards upon receipt and acceptance. Sunfield is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 13.

14. Sunfield admits only so much of the allegations in paragraph 14 as allege that between the fall of 2004 and the spring of 2005, Sapphire continued to order speakers from Sunfield. Sunfield denies all remaining allegations in paragraph 14.

15. Sunfield admits only so much of the allegations in the first sentence of paragraph 15 as allege that Sunfield shipped speakers to Sapphire that conformed to Sapphire's orders. Sunfield denies all remaining allegations in the first sentence of paragraph 15. Sunfield admits the allegations in the second sentence of paragraph 15.

16. Sunfield denies the allegations in the first sentence of paragraph 16. Sunfield admits only so much of the allegations of the second sentence of paragraph 16 as allege that Sunfield manufactured speakers in conformance with the order by Sapphire. Sapphire denies the remainder of the allegations in the second sentence of paragraph 16. Sunfield admits only so much of the allegations in the third sentence of paragraph 16 as allege that Sunfield manufactured speakers in accordance with a design originally approved by Sapphire, and approved again upon inspection by Sapphire's agent and again upon receipt by Sapphire of each shipment. Sunfield is without knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of paragraph 16 concerning frequency response. Sunfield denies all remaining allegations in the third sentence of paragraph 16.

17. Sunfield admits only so much of the allegations in paragraph 17 as allege that Sapphire sent an email dated May 18, 2005 to Sunfield. The content of that May 18 email speaks for itself and Sapphire's characterization of that content in paragraph 17 does not set forth a factual allegation as to which a response is required. To the extent that paragraph 17 is deemed to contain factual allegations as to which a response is required, Sunfield admits only so much of those allegations as accurately recite the content of the May 18 email.

18. Sunfield admits only so much of the allegations in paragraph 18 as allege that Sunfield sent an email dated May 18, 2005 to Sapphire. The content of that May 18 email speaks for itself and Sapphire's characterization of that content in paragraph 18 does not set forth a factual allegation as to which a response is required. To the extent that paragraph 18 is deemed to contain factual allegations as to which a response is required, Sunfield admits only so much of those allegations as accurately recite the content of the May 18 email. Sunfield denies all remaining allegations of paragraph 18.

19. Sunfield admits only so much of the allegations in paragraph 19 as allege that Sapphire sent an email dated May 18, 2005 to Sunfield. The content of that May 18 email speaks for itself and Sapphire's characterization of that content in paragraph 19 does not set forth a factual allegation as to which a response is required. To the extent that paragraph 19 is deemed to contain factual allegations as to which a response is required, Sunfield admits only so much of those allegations as accurately recite the content of the May 18 email. Sunfield denies all remaining allegations of paragraph 19.

20. Sunfield admits only so much of the allegations in paragraph 20 as allege that Sunfield sent emails dated May 18, 2005 and May 22, 2005 to Sapphire. The content of the May 18 and May 22 emails speak for themselves and Sapphire's characterization of the content in

paragraph 20 does not set forth a factual allegation as to which a response is required. To the extent that paragraph 20 is deemed to contain factual allegations as to which a response is required, Sunfield admits only so much of those allegations as accurately recite the content of the May 18 and May 22 email. Sunfield denies the remaining allegations in paragraph 20.

21. Sunfield admits only so much of the allegations in paragraph 21 as allege that Sunfield sent an email dated May 23, 2005 to Sunfield. The content of the May 23 email speaks for itself and Sapphire's characterization of that content in paragraph 21 does not set forth a factual allegation as to which a response is required. To the extent that paragraph 21 is deemed to contain factual allegations as to which a response is required, Sunfield admits only so much of those allegations as accurately recite the content of the May 23 email. Sunfield denies the remaining allegations in paragraph 21.

22. Sunfield admits only so much of the allegations in paragraph 22 as allege that Sapphire sent an email dated May 23, 2005 to Sunfield. The content of the May 23 email speaks for itself and Sapphire's characterization of that content in paragraph 22 does not set forth a factual allegation as to which a response is required. To the extent that paragraph 22 is deemed to contain factual allegations as to which a response is required, Sunfield admits only so much of those allegations as accurately recite the content of the May 23 email. Sunfield denies the remaining allegations in paragraph 22.

23. Sunfield admits only so much of the allegations in paragraph 23 as allege that Sunfield sent an email dated May 24, 2005 to Sapphire. The content of the May 24 email speaks for itself and Sapphire's characterization of that content in paragraph 23 does not set forth a factual allegation as to which a response is required. To the extent that paragraph 23 is deemed to contain factual allegations as to which a response is required, Sunfield admits only so much of

those allegations as accurately recite the content of the May 24 email. Sunfield denies the remaining allegations in paragraph 23.

24. Sunfield admits only so much of the allegations in paragraph 24 as allege that Sapphire sent an email dated May 24, 2005 to Sunfield. The content of the May 24 email speaks for itself and Sapphire's characterization of that content in paragraph 24 does not set forth a factual allegation as to which a response is required. To the extent that paragraph 24 is deemed to contain factual allegations as to which a response is required, Sunfield admits only so much of those allegations as accurately recite the content of the May 24 email. Sunfield denies the remaining allegations in paragraph 24.

25. Sunfield denies the allegations in the first sentence of paragraph 25. Sunfield is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 25.

26. Sunfield admits only so much of the allegations in paragraph 26 as allege that Sunfield sent an email dated June 1, 2005 to Sapphire. The content of the June 1 email speaks for itself and Sapphire's characterization of that content in paragraph 26 does not set forth a factual allegation as to which a response is required. To the extent that paragraph 26 is deemed to contain factual allegations as to which a response is required, Sunfield admits only so much of those allegations as accurately recite the content of the June 1 email. Sunfield denies the remaining allegations in paragraph 26.

27. Sunfield admits only so much of the allegations in paragraph 27 as allege that Sapphire refused to pay Sunfield on outstanding invoices for speakers it had previously accepted. Sunfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27.

BOS_514191_1/JZANETTI

28. Sunfield lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Sunfield denies so much of the allegations in paragraph 29 as purport to adopt or rely upon previously denied allegations by using the phrases "events described above" and "these events." Sunfield lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

30. Sunfield repeats and realleges its responses to paragraphs 1-29 of the Counterclaim as if set forth in their entirety.

31. Sunfield admits only as much of the allegations in paragraph 31 as allege that Sunfield entered into a contract to manufacture speakers for Sapphire. Sunfield denies the remaining allegations in paragraph 31.

32. Sunfield denies the allegations in paragraph 32.

33. Sunfield admits only so much of the allegations in paragraph 33 as allege that Sunfield provided Sapphire with audio speakers conforming to Sapphire's orders. Sunfield denies all remaining allegations in paragraph 33.

34. Sunfield denies the allegations in paragraph 34.

35. Sunfield denies the allegations in paragraph 35.

36. Sunfield repeats and realleges its responses to paragraphs 1-35 of the Counterclaim as if set forth in their entirety.

37. Sunfield admits the allegations in paragraph 37.

38. Paragraph 38 contains only legal argument as to which no response is required.

39. Paragraph 39 contains only legal argument as to which no response is required. To the extent a response to paragraph 39 is deemed necessary by the Court, Sunfield states that it

made no implied warranty concerning the speakers ordered by Sapphire that was inconsistent with, or materially different than, the description of speakers by Sapphire's engineer, which description was confirmed upon Sapphire's inspection and acceptance of each speaker delivered conforming with that description.

40. Sunfield denies the allegations in paragraph 40.

41. Sunfield denies the allegations in paragraph 41.

42. Sunfield repeats and realleges its responses to paragraphs 1-41 of the Counterclaim as if set forth in their entirety.

43. Sunfield denies the allegations in paragraph 43.

44. Sunfield admits only as much of the allegations in paragraph 44 as allege that Sunfield manufactured and sold to Sapphire speakers that contained two pcb's, conforming to Sapphire's orders. Sunfield denies all remaining allegations in paragraph 44.

45. Sunfield denies the allegations in paragraph 45.

46. Sunfield denies the allegations in paragraph 46.

47. Sunfield denies the allegations in paragraph 47.

48. Sunfield denies the allegations in paragraph 48.

**Prayers For Relief**

Sunfield states that the paragraph beginning with the word "WHEREFORE" on page 18 of the Counterclaim sets forth only prayers for relief, not factual allegations as to which a response is required. To the extent the Court deems this paragraph to contain factual allegations as to which a response is required, Sunfield denies those allegations.

## FIRST AFFIRMATIVE DEFENSE

Each Count of the Counterclaim fails to state a claim as to which relief may be granted, and therefore, should be dismissed with prejudice.

## SECOND AFFIRMATIVE DEFENSE

Each count of the Counterclaim is barred because Sapphire accepted the speakers manufactured by Sunfield after actual inspection and without rejection.

## THIRD AFFIRMATIVE DEFENSE

Sapphire's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Count III of Sapphire's Counterclaim should be dismissed for failure to plead fraud with particularity.

## FIFTH AFFIRMATIVE DEFENSE

Sapphire's claims are barred, in whole or in part, based on Sapphire's comparative negligence.

## SIXTH AFFIRMATIVE DEFENSE

Sapphire's claims are barred, in whole or in part, based on Sapphire's assumption of the risk.

## SEVENTH AFFIRMATIVE DEFENSE

Sapphire's claims are barred, in whole or in part, because Sapphire failed to mitigate any damages it may have suffered.

## EIGHTH AFFIRMATIVE DEFENSE

Sapphire's claims are barred, in whole or in part, by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Sapphire's claims are barred, in whole or in part, because any damages that Sapphire may have suffered are subject to avoidance and/or set-off equal to the full amount of the damages that Sunfield has suffered due to Sapphire's breaches of contract, warranty, and other legal and equitable obligations owed to Sunfield.

**TENTH AFFIRMATIVE DEFENSE**

Sapphire's claims are barred, in whole or in part, because any damages that Sapphire may have suffered were caused by the acts or omissions of Sapphire itself, and therefore Sapphire is not entitled to any recovery or, alternatively, the amount of any such recovery must be reduced by the degree of Sapphire's responsibility.

**ELEVENTH AFFIRMATIVE DEFENSE**

Sapphire's claims are barred, in whole or in part, because Sapphire's damages, if any, were caused by the acts or omissions of third parties for whose conduct Sunfield is not responsible.

December 13, 2005                                  EDWARDS ANGELL PALMER &
                                                   DODGE LLP

                                                   _____
                                                   Mark D. Olivere (Del. No. 4291)
                                                   919 North Market Street, Suite 1500
                                                   Wilmington, DE  19801
                                                   302.777.7770 (Phone)
                                                   302.777.7263 (Fax)
                                                   molivere@eapdlaw.com

                                                   -and-

Steven M. Cowley
Jason L. Zanetti
EDWARDS ANGELL PALMER &
DODGE LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

*Counsel for Plaintiff and Defendant-in-Counterclaim Sunfield Enterprise Corporation*