IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNFIELD ENTERPRISE CORPORATION,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>SAPPHIRE AUDIO LLC<br><br>    Defendant/Counterclaim Plaintiff. | C.A. No.05-CV-685 |

**DEFENDANT/COUNTERCLAIM PLAINTIFF SAPPHIRE AUDIO LLC'S
MOTION FOR LEAVE TO FILE AN AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 15(a) and D. Del. LR 15.1, Defendant/Counterclaim Plaintiff Sapphire Audio LLC ("Sapphire") hereby moves the Court for leave to file an Amended Answer, Affirmative Defenses, and Counterclaims (the "Amended Answer"). Pursuant to D. Del. LR 15.1, attached as Exhibit 1 are two copies of Sapphire's proposed Amended Answer, and attached as Exhibit 2 is a copy indicating the respects in which the Amended Answer differs from the original Answer. In support of this Motion, Sapphire states as follows:

1. Rule 15(a) provides that leave to amend the pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). As this Court has observed, the Supreme Court in *Foman* "gave a liberal interpretation of Rule 15(a)", holding that "absent undue delay, bad faith, or prejudice to the opposing party, the court should allow amendment." *Cuffy v. Getty Refining & Marketing Co.*, 648 F. Supp. 802, 805-06 (D. Del. 1986) (quoting *Foman*, 371 U.S. at 182); *see also Coca Cola-Bottling Co. of Elizabethtown, Inc.*

1590991.1

*v. Coca-Cola Co.*, 668 F. Supp. 906, 922 (D. Del. 1987) (holding that "Rule 15(a) must be interpreted liberally, and amendments will be permitted absent undue delay, bad faith, or prejudice to the opposing party.")

        2.      Prejudice to the non-moving party is "is the touchstone for denial of an amendment," and the "general presumption in favor of amendment" can only be overcome by a showing "that the amendment will be prejudicial" to the non-moving party. *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978); *see Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984); *Sturgess v. Negley*, 761 F. Supp. 1089, 1099 (D. Del. 1991); *Cuffy*, 648 F. Supp. at 806. Prejudice, furthermore, "does not mean inconvenience to a party"; rather it means that the non-moving party "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Heyl & Patterson Int'l v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981); *Cuffy*, 648 F. Supp. at 806.

        3.      Here, Sapphire seeks leave to amend its original Answer in order to conform the assertions and counterclaims stated therein to its current understanding of the facts and circumstances underlying this dispute, based on information generated in the process of preparing its initial disclosures pursuant to Rule 26(a).

        4.      Permitting the requested amendment will facilitate the resolution of this matter on the merits, and thereby serve the interests of justice, by contributing to the parties' mutual understanding of their respective positions with respect to the facts in dispute. There has been no undue delay in seeking this amendment – the litigation is still in its early stages, with neither party having yet begun to take discovery of the other, and this motion is timely under the

Court's Scheduling Order (Docket Entry No. 12), which permits amendment of the pleadings by March 15, 2006.

5.   None of the grounds for denying leave to amend is present here. Sapphire has no bad faith or dilatory motive, and the proposed amendment is not futile. Sunfield will suffer no undue prejudice, furthermore, since the requested amendment merely conforms Sapphire's pleading to the facts – by, among other things, eliminating one of the counterclaims alleged against Sunfield in Sapphire's original pleading – and thus will in no way deprive Sunfield "of the opportunity to present facts or evidence." *Heyl*, 663 F.2d at 425.

WHEREFORE, Defendant/Counterclaim Plaintiff Sapphire Audio LLC respectfully requests that the Court grant this Motion and direct the Clerk of the Court to file the Amended Answer, Affirmative Defenses, and Counterclaims attached hereto as Exhibit A.

**SAPPHIRE AUDIO LLC**

By its attorneys,

*/s/ William O. Lamotte III*
William O. LaMotte III (#460)
MORRIS, NICHOLS, ARSHT & TUNNELL
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, DE 19899
Tel. (302) 658-9200
Fax. (302) 658-3989

-and-

Thomas J. Sartory (admitted *pro hac vice*)
Patrick M. Curran, Jr. (admitted *pro hac vice*)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA  02110-3333
Tel. (617) 482-1776
Fax. (617) 574-7538

Dated:  March 10, 2006

**Statement Pursuant to Local Rule 7.1.1**

Counsel for Sapphire Audio LLC ("Sapphire") made a reasonable effort to reach agreement with counsel for Sunfield Enterprise Corporation ("Sunfield") concerning the matters set forth in this motion. In particular, counsel for Sapphire provided Sunfield's counsel with a copy of the proposed Amended Answer, Affirmative Defenses, and Counterclaims, along with a red-line copy indicating in what respects it differs from the original Answer, Affirmative Defenses and Counterclaims, on February 7, 2006, and asked whether Sunfield would consent to the amendment. To date, counsel for Sunfield has not yet been able to confirm whether Sunfield will or will not consent to the amendment.

/s/ *William O. Lamotte III*
William O. LaMotte III (#460)

1590991.1

## CERTIFICATE OF SERVICE

    I, Geoffrey A. Sawyer III, hereby certify that I have this 10th day of March, 2006, caused the foregoing documents to be served by hand delivery on counsel for the Plaintiffs:

        Mark D. Olivere, Esq.
        Edwards & Angell, LLP
        919 North Market Street, Suite 1500
        Wilmington, DE 09801

                                            _____
                                            Geoffrey A. Sawyer III (#4754)

Dated: March 10, 2006